IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATHAN SEBASTIEN ACKERMANN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. SAG-20-337 |
| THE HONORABLE PATRICIA MITCHELL, THE FORMER HONORABLE   MICHEAL D. MASON, MARY LYNN, CHIEF JUSTICE MARY ELLEN BARBERA, HONORABLE ROBERT N. McDONALD, HONORABLE MICHELE D. HOTTEN, HONORABLE JOSEPH M. GETTY, THE FORMER HONORABLE   CLAYTON GREENE, JR., THE FORMER HONORABLE   SALLY D. ADKINS and THE HONORABLE SHIRLEY M. WATTS, | * * * * * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM

Nathan Sebastien Ackermann, who is self-represented, filed a civil rights action on February 7, 2020, against Maryland District Court for Montgomery County Judge Patricia L. Mitchell; Circuit Court for Montgomery County Judge Michael D. Mason; Maryland Court of Appeals Judges Mary Ellen Barbera, Robert N. McDonald, Michele D. Hotten, Joseph M. Getty, Clayton Greene, Jr. (retired), Sally D. Adkins (retired), and Shirley M. Watts; and Mary Lynn, an employee of the Circuit Court for Montgomery County. ECF 1. On February 21, 2020, Plaintiff filed a Motion to Amend the Complaint along with the proposed amendment, which shall be granted. ECF 6. As amended, the Complaint seeks $100,000 in monetary damages against the Defendants due to their alleged discrimination against Plaintiff in violation of his due process and equal protection rights. *Id.* For the reasons stated below, the Complaint must be dismissed.

**Background**

Plaintiff claims that he previously filed a complaint against CVS Pharmacy ("CVS") in the Montgomery County District Court after suffering "severe stomach inflammation caused by the overprescription and coerced overconsumption of anti-depressants." Am. Compl. at p. 5, ECF No. 6-1 at 5. On February 10, 2017, Plaintiff spoke to Mary Lynn, an employee of the Circuit Court for Montgomery County, to report "unequitable & harmful conduct" in the handling of his District Court case. *Id.* at 6. Plaintiff believes that Mary Lynn failed to report unethical conduct as required by Maryland state law. *Id.*

Plaintiff states that on February 13, 2017, CVS filed interrogatories in Montgomery County District Court seeking Plaintiff's social security number and privileged information, and Judge Mitchell exceeded the scope of the request by compelling Plaintiff to furnish personal, psychiatric, medical, and medical information "not relevant to the complaint at hand." *Id.* at 5. On March 22, 2017, Judge Mitchell dismissed the case in favor of CVS, but allegedly relied on false information, according to Plaintiff. *Id.*

Subsequently, Plaintiff appealed the dismissal to the Circuit Court, where he claims the Hon. Michael Mason, with the assistance of Mary Lynn, "intentionally and maliciously" dismissed the appeal. *Id.* at 7. According to Plaintiff, the venue was "very unwelcoming and dismissive." *Id.*

Plaintiff filed a Petition for Writ of Certiorari in the Maryland Court of Appeals. *Id.*; *see also* ECF No. 1-9. On October 20, 2017, the Court of Appeals denied and dismissed the Petition in a document signed by Chief Judge Mary Ellen Barbera, concluding that review of the decision was "Undesirable and not in the public interest." ECF No. 6-1 at p. 7. Plaintiff again asserts that

this denial was done "intentionally and maliciously." *Id.*

Plaintiff filed the instant action in this Court on February 7, 2020. ECF No. 1. He claims discrimination within public facilities, defamation, and a violation of his rights under the Fourteenth Amendment. *See generally* ECF No. 6-1.

## Discussion

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from citizen suits in federal courts absent state consent or Congressional action. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Claims against state employees acting in their official capacities are also subject to Eleventh Amendment immunity because a suit against the state actor is tantamount to a suit against the state itself. *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985), *Weller v. Dep't of Social Services for City of Baltimore*, 901 F.2d 387, 398 (4th Cir. 1990). Plaintiff has not identified any manner in which the state of Maryland has waived such immunity. Therefore, Defendants are immune from suit for actions taken in their official capacities.

As to actions taken in their individual capacities, nine of the ten Defendants are Maryland state judges whom Plaintiff has sued for decisions made in their capacity as judges. This cause of action cannot be maintained because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."); *see also Lucas v. Henrico Cty. Public Sch. Bd.*, 767 F. App'x 444, 448 (4th Cir. 2019).

The doctrine of judicial immunity shields judges from monetary claims against them in

both their official and individual capacities. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (*per curiam*). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id*. at 11. Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978); *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly).

In *Pierson v. Ray*, 386 U.S. 547 (1967), the United States Supreme Court granted certiorari to consider whether a judge was liable for damages under 42 U.S.C. § 1983 for an unconstitutional conviction. The Court explained the rationale for judicial immunity, *id.* at 553-54:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction ... This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences"... It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

The bar of absolute judicial immunity may be overcome in two limited sets of circumstances: (1) "for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (citing *Forrester*, 484 U.S. at 227-29). A judge acts in a judicial capacity when the function is one "normally performed by a judge" and when the parties "dealt

4

with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. The "relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'" *Mireles*, 502 U.S. at 12-13 (citing *Stump*, 435 U.S. at 362). Courts thus look to an "act's relation to a general function normally performed by a judge," to determine whether the act was judicial. *Id.* at 13.

Neither exception applies here. Plaintiff's claims stem from the fact that Judge Mitchell ruled against him in Montgomery County District Court, Judge Mason upheld that ruling, and the Court of Appeals denied his Petition for Writ of Certiorari. Ruling on a pending case over which the judges had jurisdiction is the paradigmatic example of action covered by judicial immunity. Plaintiff provides no grounds to defeat the judicial immunity that applies to the Defendant judges' determinations in his state court case.[1]

With regard to Circuit Court employee Mary Lynn, Plaintiff's claim also fails. The federal court does not sit to review every claim related to alleged tortious conduct involving non-federal parties. It may, however, have authority to review such claims if they are based on a federal question or based on the Court's diversity of citizenship jurisdiction. As the Fourth Circuit Court of Appeals stated in *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008), if a party seeks to proceed in federal court, she "must allege and, when challenged, must demonstrate the federal court's [subject matter] jurisdiction over the matter." Indeed, "if Congress has not empowered the federal judiciary to hear a matter, then the case must be dismissed." *Home Buyers Warranty Corp. v. Hanna,* 750 F.3d 427, 432 (4th Cir. 2014).

---

[1] To the extent Plaintiff claims that Mary Lynn assisted Judge Mason in dismissing his Circuit Court case, it is worth noting that "court clerks enjoy derivative absolute judicial immunity when they act in obedience to a judicial order or under the court's direction." *Hamilton v. Murray*, 648 F. App'x 344 (4th Cir. 2016) (unpublished) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); citing *McCray v. Maryland*, 456 F.2d 1, 5 (4th Cir. 1972); *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995)).

Here, Plaintiff alleges that this Court has jurisdiction because he is raising a federal question. Amended Civil Cover Sheet, ECF No. 3-1. However, as to Mary Lynn, Plaintiff's sole claim involves an alleged violation of Maryland state law. Thus, he fails to state a cognizable federal claim.

Neither does the Court have diversity jurisdiction. When a party seeks to invoke diversity jurisdiction under § 1332, he bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Hardaway v. Checkers Drive-In Rests., Inc.*, 483 F. App'x 854, 854 (4th Cir. 2012). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman Green, Inc. v. Alfonzo Larrain*, 490 U.S. 826, 829 (1989). In addition, the amount in controversy must exceed $75,000. *See McCormick v. Am. Online, Inc.*, 909 F.3d 677, 680 (4th Cir. 2018); *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). Here, Plaintiff and Defendants are all located in the State of Maryland and, therefore, there is no diversity. Accordingly, the Complaint must be dismissed. *See Peamon v. Verizon Corp.*, 2014 WL 11996361, at *1 (D. Md. Apr. 22, 2014) ("In the absence of any basis for subject matter jurisdiction, the Court will dismiss the Complaint without prejudice.").

## Conclusion

For the foregoing reasons, the Complaint, as amended, shall be dismissed without prejudice. A separate Order follows.

 June 2, 2020                                              /s/
Date                                                Stephanie A. Gallagher
                                                    United States District Judge